## ROSE CLARE LEAD COMPANY

*v.*

## JOHN T. MADDEN *et al.*

ALTERATION OF CONTRACT—*whether an innocent party to be prejudiced thereby.* Upon bill filed by the assignee of a lease, to correct a mistake in the description of the premises, it was insisted by the lessor, that there had been a material alteration improperly made in the terms of the lease; but it was *held*, even if that was true, it not appearing that the complainant was chargeable with any complicity with such alteration, he was still entitled to the relief sought by the bill.

WRIT OF ERROR to the Circuit Court of Hardin county.

The opinion states the case.

Mr. WILLIAM H. GREEN and Mr. JAMES M. WARREN, for the plaintiffs in error.

Messrs. WESLEY & WILLIAM P. SLOAN, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In 1850, one William Pell executed a lease to Valle and others, of certain mining property, describing it as being in section 32, township 13 south, range 8 east, when it was, in fact, in township 12 south. The lease was first drawn with a provision that it should terminate if the lessees ceased to work for one year, but as the lease now stands, this provision has been erased, and there is a note of the erasure at the foot of the lease. This lease was executed in January, 1850, and in the following December a new agreement was executed between these parties, referring to the lease, and providing that the lessor should give six months' notice before forfeiting the lease. The lessees worked the mine for about a year, and then ceased to work. In 1864, the lease was assigned to the complainant, and during the same year, the company took possession of the premises and commenced work, expending in machinery the sum of $5000, as averred in the bill. In 1865, the mistake in the description of the premises was discovered, and the grantees of the lessor thereupon commenced an action of ejectment. The lead company then filed this bill to enjoin the ejectment and correct the mistake in the lease. The cause was heard on a demurrer to the bill, and the court dismissed the bill.

It is urged, as a ground for affirming this decree, that the agreement of December, 1850, shows that the original lease must have contained the provision for a forfeiture of the lease, in case the lessees should cease to work the mine for a year, and that its erasure, without the consent of the lessor, forfeited the lease.

Admitting it to be a fair inference, from the tenor of the subsequent agreement, that the erasure was not made before the execution of the lease, it is by no means clear that it was afterwards made fraudulently or without the knowledge of the lessor. The fact that, by the subsequent agreement, he waived the right of forfeiture, except upon six months' notice, while it shows there was such a clause in the lease as originally written, also shows the parties had agreed upon a different provision, and it may well be that the original clause was then erased by consent, and the alteration noted at the foot of the lease, as having been made before its execution. But be that as it may, there is absolutely nothing in the bill from which any complicity with the alteration can be presumed against this complainant. This company did not become the assignee of the lease until nearly fourteen years after the second agreement was executed, and if a fraudulent alteration was ever made, it was, in all probability, made before the execution of that agreement, as there would have been no motive for it afterwards. We are clearly of opinion that, on the face of this bill, there is no such presumption against this complainant of a fraudulent alteration with which, or a knowledge of which, it is chargeable, as to prevent it from claiming the correction of an acknowledged mistake in the description of the premises. The bill, on its face, entitles the company to relief. The defendants, in their answer, can raise this question of fraudulent alteration, if they desire, and it can then be determined upon proof, instead of relying upon uncertain inferences from the face of the bill.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*